## NORTH et al. v. LEHIGH VALLEY TRANSIT CO.

Civ. A. No. 9690.

United States District Court
E. D. Pennsylvania.
Jan. 24, 1950.

Samuel Kravitz, Philadelphia, Pa., for plaintiffs.

Fox & Oldt, Easton, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The action is for damages for personal injuries caused by a collision between an automobile in which the plaintiff was riding and the defendant's trolley car.

At the taking of oral depositions, on due notice, the defendant's claim agent appeared and, in obedience to a subpoena duces tecum, brought with him the originals of signed statements of several witnesses together with notes of his interviews with others. When asked to produce these statements and notes, objection was made by the defendant's counsel and the witness declined to produce them. The ground of objection as stated was that "the names and addresses of the witnesses have been furnished the plaintiff and no necessity has been shown why the defendant should" produce the statements and notes.

It is conceded that the plaintiff has not made a showing of good cause, as required by Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of

these documents. The question is whether, without such showing, he can obtain their production in advance of trial by a subpoena duces tecum directed to a witness having custody of them.

The discovery procedure created by the Federal Rules was intended to be a complete, integrated system and should be administered as such. One distinct branch of it has to do with the production of original documents for inspection before trial. This field is covered by Rule 34 and by Rule 45 when used in connection with Rule 26. These rules are directed to the same end, are in pari materia, and must be so construed.

The normal method of obtaining inspection of a document is under Rule 34. Rules 26 and 45 afford a practical, and under proper conditions permissible, short-cut. This, however, is merely another, and often more convenient, method of accomplishing the same end and, regardless of the fact that those two rules do not contain the express limitation of Rule 34, they are, I think, necessarily subject to it. I cannot believe that the Supreme Court, having required good cause for production under Rule 34, intended that a party could become entitled, as a matter of right, to the production of the original of a document, without any showing of the propriety or necessity of such production, merely by adopting an alternative method. If a showing of good cause was considered a proper and reasonable limitation upon the right to a preview of the opposing party's papers and documents, it must have been intended to obtain, whatever process may be resorted to.

In Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, the Supreme Court, speaking of the deposition-discovery procedure as a whole, said "discovery, like all matters of procedure, has ultimate and necessary boundaries." In the field of production of documentary originals the ultimate and necessary boundary is that a party seeking it must show some good reason why he is entitled to it and may not have it as a matter of absolute right, whatever procedural method he may adopt for asserting it. In Alltmont v. United States, 177 F.2d 971, 975, the Court of Appeals for the Third Circuit, referring to the opinion in Hickman v. Taylor, supra, said "Since, as the Court also pointed out * * * the 'deposition-discovery rules create integrated procedural devices', this we believe to be a recognition by the Court that the production by a party of any documents, either for mere inspection or for obtaining a copy, is predicated upon first showing good cause therefor".

It may be pointed out that the usual and approved procedure in the federal courts to try the validity and scope of a subpoena duces tecum is by some form of motion to set aside the subpoena made in advance on proper notice. This procedure seems to be fully authorized by Rule 45 (b) (1). It has the advantage of avoiding, in many cases, lost motion and confusion. However, I am not disposed to rule that a party who in obedience to a subpoena duces tecum brings with him the specified documents has lost his right to object to their production merely because he has not moved in advance to set aside the subpoena.

The motion of the plaintiff to compel the production of the papers in question is denied.