Albert **KURTZON**, Plaintiff,

v.

**STERLING INDUSTRIES, INC.,**
Defendant.

**Civ. A. No. 32450.**

United States District Court
E. D. Pennsylvania.

Feb. 3, 1964.

394

Joseph Gray Jackson, Eugene Chovanes, William Steell Jackson & Sons, Philadelphia, Pa., George E. Frost, Chicago, Ill., for plaintiff.

Stanley Bilker, Barry Moyerman, Bilker & Moyerman, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit for the infringement of the plaintiff's patent for a fluorescent lamp housing. The plaintiff has served subpoenas duces tecum to compel the production of certain documents at the pre-trial depositions of two witnesses. The documents fall into three categories, (1) advertising material, (2) engineering drawings and data having to do with the manufacture and development of the alleged infringing article, and (3) letters exchanged between the parties.

 No effort was made to show the good cause required for the subpoenas. See North v. Lehigh Valley Transit Co., D.C., 10 F.R.D. 38. However, it is apparent that good cause exists as to category (1). Such material would not normally be in the plaintiff's files and it may well contain evidence as to the nature and operation of the defendant's article and the date upon which it was offered for sale. As to this category, the motion to quash is denied.

As to category (2), there appears to be good cause if, and only if, the defendant is going to rely on any of its activities or products as prior art to invalidate the plaintiff's patent. So far as infringement is concerned, the documents asked for are immaterial. If the defendant's product is within the patent's claims, it infringes, and it makes no difference how it was developed or what the process of its manufacture was. Therefore, if the defendant will stipulate that it will not rely on any of its activities or products as prior art, category (2) of the subpoenas will be quashed. If the defendant does not so stipulate, the motion to quash will be denied as to this category.

As to category (3), I cannot imagine how there can be any good cause for the production of letters, copies of which at least are available to the plaintiff. At any rate, the plaintiff has not enlightened me on the point. The Court will not speculate that the letters and copies in the plaintiff's possession may have been lost or destroyed, in the absence of any evidence to that effect. The motion to quash is granted as to this category.