**Frances C. BUTLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 14609–4.**

United States District Court
W. D. Missouri, W. D.
Feb. 17, 1964.

**342**

Knipmeyer, McCann & Millett, by Glenn McCann, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Atty., by John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., for defendant.

BECKER, District Judge.

In this Federal Tort Claims Act case, the plaintiff has asked for additional time to file suggestions in opposition to defendant's suggestions in support of its objections to plaintiff's interrogatories. In view of the conclusions reached in this memorandum, no such reply suggestions will be necessary.

Defendant first objects to plaintiff's Interrogatory No. 2 which is as follows:

"If the answer to the preceding Interrogatory is in the affirmative, please attach a copy or copies of all such writings or transcripts to your answers to these Interrogatories."

The preceding interrogatory, No. 1, answered affirmatively by defendant, reads as follows:

"Have you or has anyone acting in your behalf, received, obtained or procured any recital or statement in writing, signed or unsigned, or reduced to writing or stenotype, or shorthand, from or by the plaintiff, relative to the happenings or occurrences of the accident alleged in Plaintiff's Petition for Damages."

The objection is based on the work product privilege and contends the interrogatory is in the nature of a "fishing expedition," citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and other cases.

■ Neither of these objections is valid as stated hereinafter in detail. But the interrogatory is vulnerable to the objection that Rule 33 of the Federal Rules of Civil Procedure does not provide for the securing of the contents of documents or of copies of documents. Documents or their contents must be obtained by motion under Rule 34 upon a showing of good cause. Hickman v. Taylor, supra, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. at page 459; Alltmont v. United States (C.A.3) 177 F.2d 971, cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; 4 Moore, Federal Practice ¶ 33.22, pp. 2322–2323, and cases cited in note 7. (The more advanced Missouri Civil Rules permit motions and interrogatories under Rules 56.01 and 58.01, V.A. M.R., requiring copies of relevant documents without a prior showing of good cause, subject only to a motion for a protective order. This was also the recommendation in 1954 of the Advisory Committee on Federal Civil Rules.)

■ However to save time and paper such an interrogatory under Rule 33 may be treated as a motion under Rule 34 and production of documents ordered if good cause appears from the record. 4 Moore, Federal Practice ¶ 33.22, p. 2323, note 3.

■ Interrogatory No. 2 will therefore be treated as a Rule 34 motion.

Good cause is found to exist from the record.

Hickman v. Taylor, supra, holds expressly that: "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." 329 U.S. at page 507, 67 S.Ct. at page 392, 91 L.Ed. at page 460. So this objection is not well taken.

 The work product privilege objection is likewise untenable in this case involving production by the defendant of a statement it has taken of plaintiff. 4 Moore, Federal Practice ¶ 26.23[8–4], pp. 1445–1448; Hayman v. Pullman Co. (V.D.Ohio) 8 F.R.D. 238; N. Y. Central R. Co. v. Carr (C.A.4) 251 F.2d 433. There are cases to the contrary, a number of which have been cited by the defendant, based upon considerations of immunity and discretion, none of which are in keeping with a sound modern system of civil procedure in general nor with an efficient pre-trial practice. See 4 Moore, Federal Practice ¶ 26.23[8–4], supra, and 74 Harv.L.Rev. 940, at page 1039.

The defendant is therefore ordered to produce for inspection and copying all relevant statements in writing of plaintiff (or to furnish a clear photocopy thereof) at the office of defendant's resident counsel of record.

Defendant objects to interrogatory No. 4 which reads as follows:

"If the answer to the preceding Interrogatory is in the affirmative, please state the complete name and last known address and last known employment of each such witness."

The preceding interrogatory, No. 3, answered affirmatively by defendant, reads as follows:

"Have you or has anyone in your behalf, at the time of, or since the time of the occurrence described in plaintiff's Petition for Damages, learned, received, obtained or procured from any source whatever, the names of any witnesses to said occurrence, or the names of any witnesses having any knowledge of relevant facts concerning said occurrence."

The interrogatory is clearly proper under Rule 26(b). Wycoff v. Nichols (W.D.Mo.) 32 F.R.D. 369. For the reasons stated in the Wycoff case, objections to interrogatories 8, 9 and a part of 7 are overruled. The work product privilege (or qualified immunity of work product from discovery) does not apply to the names and addresses of persons having knowledge of the relevant facts. Rule 26(b), Fed.R.Civ.P.; 4 Moore, Federal Practice ¶ 26.19[2], pp. 1241–1247. Nor does it apply to the existence, description, nature, custody, condition or location of documents. Rule 26(b), Fed.R.Civ.P.; 74 Harv.L.Rev. 940, at pages 1027–1039.