FASTENER CORPORATION, Plaintiff,

v.

SPOTNAILS, INC., Defendant.

No. 67 C 821.

United States District Court
N. D. Illinois, E. D.
Aug. 28, 1967.

---

3. At page 26 of the transcript of the hearing held on the 25th day of August, 1966.

Walther E. Wyss, Willis J. Jensen, Chicago, Ill., for plaintiff.

I. Walton Bader, New York City, Ben Liss, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

NAPOLI, District Judge.

Plaintiff, alleging ownership of three United States patents, brings this action for infringement against defendant and its "predecessor" corporations. In a skeleton complaint, plaintiff alleges written notice of infringement to defendant, infringement by defendant in this District, and damages. Within a month after being served with the complaint, defendant noticed plaintiff corporation for deposition. Five days before the scheduled deposition, defendant served a subpoena duces tecum on plaintiff, for production of certain documents at the deposition. Plaintiff immediately moved to quash the subpoena, pursuant to Rules 30 and 45(b) of the Federal Rules of Civil Procedure. The cause is before the court today for ruling on plaintiff's motion to quash this subpoena duces tecum.

Plaintiff claims that the subpoena should be quashed since it does not comply with the proper method and standards for obtaining discovery from a party, as provided in Rule 34 of the Federal Rules of Civil Procedure; because the subpoena relates to material which is irrelevant or not subject to inter partes discovery; because it is oppressive and not timely; and because certain documents sought are privileged. Defendant contends that inter partes discovery is available via Rule 45, under a subpoena duces tecum, as well as under Rule 34, dealing with production of documents; that even if good cause must be shown for production of documents under Rule 45, it is adequate if good cause is shown on the hearing of a motion to quash a subpoena duces tecum; and that good cause does in fact exist for production of these documents.

The authors of the Federal Rules did not intend that Rule 45(b) provide an escape from the normal requirement that a request for production of documents be supported by a showing of good cause. See Rule 34, Federal Rules of Civil Procedure. When a subpoena duces tecum is directed to a party, the requirement of good cause, contained in Rule 34, is read into the request under Rule 45(b). 5 Moore's Federal Practice ¶ 45.05[2]; North v. Lehigh Valley Transit Co., D.C., 10 F.R.D. 38.

Although the court agrees with defendant that the showing of good cause may be made at the hearing on a motion to quash, plaintiff's motion to quash must be allowed because defendant has not made the requisite showing in its briefs and affidavits filed in opposition to the motion.

"Good Cause" means more than merely relevancy. The Court of Appeals in this Circuit has ruled that merely because documents sought are material and not privileged, a court is not justified in ordering their production under Rule 34. Hauger v. Chicago, Rock Island & Pacific Railroad Company, 216 F.2d 501 (7 Cir. 1954). "Good cause" under Rules 34 and 45(b) is separate from, and in addition to, the requirement of rele-

vance. In determining whether good cause exists, the court will consider facts of an individual case, practical convenience, and fairness to the parties.

It may be conceded that defendant has made a showing of relevancy of requests 1, 2, and 3 in the subpoena duces tecum. But it has failed to make the further showing of good cause.

▮ Paragraphs 1 and 2 in the subpoena are shotgun requests for all correspondence between plaintiff and defendant or its predecessor corporation, relating to the claims in the complaint. Defendant has not shown why copies of these letters are not in its own files. In Kurtzon v. Sterling Industries, Inc., D.C., 227 F.Supp. 393, the court refused a request for production of prior correspondence between the parties, observing that a court should not speculate that copies of letters in a party's possession have been lost or destroyed. Until defendants show from facts in the record that they cannot find their own copies of this correspondence, or that some other good cause exists for requiring plaintiff to conduct a search for all the correspondence described in paragraphs 1 and 2 of the subpoena, (for example if it later appears that authenticity of the documents is in issue at which time this court could entertain a motion under Rule 34 for their production), plaintiffs will not be required to produce the documents.

▮▮ Paragraph 3 of the subpoena requests plaintiff's prosecution files of the patents in suit herein. Here also, defendant has made no showing of good cause, but merely speculates what might be uncovered in the file, such as evidence of plaintiff's knowledge of prior art structures not communicated to the Patent Office. Proper discovery procedure is to ascertain by interrogatory if such material exists. If so, then motion may be made under Rule 34 or 45(b) for its production. Furthermore, much of what is contained in such files is a matter of public record in the United States Patent

Office. Rules 11 and 13 of the Patent Office permit any person to obtain certified copies of papers in the file. Finally, certain parts of the prosecution files are privileged against discovery under the attorney-client privilege. For these reasons, the Court finds that good cause has not been shown to support the request of paragraph. 3.

▮ Paragraphs 4 and 5 request devices made by plaintiff in accordance with the patents in suit, and samples of defendant's devices in the possession or control of plaintiff claimed to infringe any of the patents in suit. Although it is quite likely that good cause does exist for the production, or opportunity to inspect these devices, the motion to quash will be allowed, since there is some indication that the devices are quite heavy, so that it would be oppressive to require their production at the office of defendant's lawyer. A motion for an order permitting entry upon property under plaintiff's control, under Rule 34, would be a proper means of obtaining discovery of any such devices.

Furthermore, a statement in a brief for plaintiff indicates that plaintiff will consent to inspection of at least one device which may fall under paragraph 4. The court calls the attention of the parties to General Rule 12(d) of the United States District Court for the Northern District of Illinois, which provides,

> (d) [t]o curtail undue delay in the administration of justice, this court shall hereinafter refuse to hear any and all motions for discovery and production of documents under Rules 27 through 37 of the Federal Rules of Civil Procedure, unless moving counsel shall first advise the Court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. This statement shall recite, in addition, the date, time, and place of such conference, and the names of all parties participating therein.

The purpose of this rule is to prevent the court's spending time to consider the propriety of issuing orders, where there in fact may be no dispute between the parties. The rule, if observed, also narrows the scope of discovery motions made to the court. The spirit of this rule should also be applied to inter partes discovery motions made under Rule 45(b). Plaintiffs having failed to make the requisite showing of good cause, no statement complying with Rule 12(d) having been submitted to the court, and it further appearing that the parties may at least in part be willing to resolve their differences without the necessity for a court order, the subpoena dated June 20, 1967, will be quashed.