**Carlis F. STRAUGHAN**
v.
**BARGE MVL NO. 802 et al.**
**No. A.D. 66–H–99.**

United States District Court
S. D. Texas,
Houston Division.
April 10, 1968.

Ramey & Clay, Houston, Tex., for plaintiff.

S. G. Kolius, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for defendant third-party plaintiff A. L. Mechling Barge Lines.

Eikel & Goller, Houston, Tex., for defendant Port Stevedoring Co.

Royston, Rayzor & Cook, Houston, Tex., for defendant Jugolavenska Linijska Plovidba, Inc.

SINGLETON, District Judge.

*Memorandum and Order*

■■ Counsel for plaintiff, Carlis F. Straughan, has filed a discovery motion under Fed.R.Civ.P. 34 (1967), seeking to require defendant, A. L. Mechling Barge Lines, Inc., to produce for inspection and copying a statement of the plaintiff which is in the hands of counsel for defendant. Although the motion does not relate when the statement was taken, or by whom, it appears from the text of plaintiff's deposition that it was taken at the hospital to which plaintiff was taken shortly after the occurrence made the basis of this suit and that it was procured by the representative of an undisclosed insurance company. Straughan Deposition, p. 85–86. Defendant has filed a brief urging that the motion be denied on the grounds that: (1) the subject of the motion constitutes part of the "work product" of defendant's counsel, (2) that plaintiff has made no showing of good cause, and (3) that counsel for plaintiff has "unclean hands." This latter ground, I feel, is not material to a

consideration of the merits of the present motion. Moreover, plaintiff's statement is not part of counsel's work product. Butler v. United States, 226 F.Supp. 341 (W.D.Mo.1964); see 4 Moore, Federal Practice ¶ 26.23, at 145–48. Defendant's remaining contention presents a more difficult question.

 Under Rule 34, a trial judge has a wide range of discretion in ruling on discovery motions. Thomas v. Nuss, 353 F.2d 257 (6th Cir. 1965); Benning v. Phelps, 249 F.2d 47 (2d Cir. 1957). As a general rule each motion must be considered in light of the particular circumstances which give rise to the motion or the need for the information contained in the instrument made the subject of the motion. Cf. United States v. National Steel Corp., 26 F.R.D. 603, 605 (S.D.Tex.1960). Rule 34 simply requires that the moving party show "good cause," by which is meant some necessity or sound reason why the motion should be granted. See generally 2A Barron & Holtzoff § 796, at 415 (Wright ed. 1961). I have given careful consideration to defendant's brief and the supporting authorities cited therein, for I feel that the issue raised here goes directly to the spirit of how pretrial discovery is to be conducted in this Court. It is my opinion, and I hold here, that good cause exists where a plaintiff shows, without more, that he has given a statement and that the defendant has refused to make a copy available. Under proper circumstances, however, the defendant will be granted upon a timely request a protective order allowing him to take the plaintiff's deposition before producing the statement. Since the defendant in the instant case has previously taken the plaintiff's deposition, the present motion will be granted without condition.

Defendant relies heavily upon the case of Lester v. Isbrandtsen Co., Inc., 10 F. R.D. 38 (S.D.Tex.1950), which supports in most forceful terms defendant's contention that plaintiff has not demonstrated good cause for production of the statement. In Lester the Court stated:

"Obviously, production of a copy of the plaintiff's own statement, if any, made to the defendants, is not for the purpose of giving the plaintiff any information as to the facts. As was admitted in Hickman v. Taylor, plaintiff's counsel here no doubt seeks such copy better to prepare his case for trial; so that he may know what testimony his client heretofore has given, and take care that his testimony at the trial is reasonably consistent therewith. There is no showing that such statement, if any, was procured while the plaintiff was not in full possession of his faculties; nor is any reason given why his present version of the facts should differ from the original. In my opinion, there is no good cause shown for the production of plaintiff's own statement." Id. at 341.

The language used by the Court in Lester would, if taken as stating a rule of general application, prevent discovery of a plaintiff's statement in almost every instance. As in all cases involving Rule 34, however, the Lester ruling represents but the exercise of one court's discretion. Lester was decided in 1950, and a review of the numerous decisions rendered since that date indicates that it is no longer followed by most courts. See generally 2A Barron & Holtzoff, supra § 652.3, at 140; Annot., 73 A.L.R.2d 12, 75 (1960); Wright, Discovery, 35 F.R.D. 39, 55 (1964). I likewise decline to adopt it as the rule of practice to be followed in this Court. Moreover, for other reasons I decline to adopt an intermediate balancing position.

 As noted by the Fifth Circuit, "the showing [required] for production of a copy of the plaintiff's own statement is different from that seeking copies of statements of other witnesses generally." Monarch Ins. Co. of Ohio v. Spach, 281 F.2d 401, 413 n. 31 (5th Cir. 1960). The nature of the circumstances which must be shown need not be so

strong, comparatively speaking, as when dealing with statements given by third parties. Smith v. Central Linen Serv. Co., 39 F.R.D. 15, 17 (D.Md.1966). Thus a majority of courts have adopted an intermediate position between that adopted by the Court in *Lester* and the position which I now adopt. In determining if good cause exists, these courts have given varying weight to the following factors: (1) the lapse of time since the statement was given, (2) the physical and emotional nature of the plaintiff at the time the statement was given, (3) whether the statement represents a verbatim account of the remarks made by the plaintiff to the party taking the statement, and (4) whether the plaintiff was represented by counsel at the time he gave the statement. But, it seems to me, these factors, whether taken singularly or collectively, should be accorded little if any weight, for they do not take account of the crucial and most important fact that a plaintiff's own statement constitutes substantive evidence, admissible as an admission. See 2A Barron & Holtzoff, supra § 652.3, at 143. For this reason alone, if the impeachment value of the statement can be preserved, plaintiff's counsel should be allowed to see the statement.

Defendant's counsel here has had the opportunity of protecting the impeachment value of the statement, since he has previously taken the plaintiff's deposition. The same protection can be availed of in future cases. See Belback v. Wilson Freight Forwarding Co., 40 F.R.D. 16 (W.D.Pa.1966). This provides sufficient protection to the legitimate interest which defendant's counsel might have in the statement [1] and likewise removes any valid reason for denying plaintiff's counsel access to the statement.[2] Therefore, consistent with the purpose of the Federal Rules [3] and in terms of fairness, plaintiff's counsel should be allowed to see the statement given by his client.

> "Aside from what assistance it may be in the preparation of a case for trial, the production of such a statement * * * permits a more realistic appraisal of cases and should stimulate the disposition of controversies without trials. The Federal Rules of Civil Procedure were not intended to promote litigation or to hinder the means of amicable adjustment." New

1. If the statement is to be used for impeachment purposes, as is indicated by the response of counsel for defendant to the present motion, the *logical* impeachment value of the statement is not destroyed by permitting discovery, although the dramatic effect which might be created at trial by revealing the contents of the statement to a surprised plaintiff might be diminished.

2. In Belback v. Wilson Freight Forwarding Co., supra, where, as here, the defendant refused to make available the plaintiff's statement after having taken the plaintiff's deposition, the Court stated:

> "Strongly corroborative of good cause is the fact that defendant, not content with the post-accident disclosures, has taken the plaintiffs' depositions. In the depositions it had the opportunity of determining the plaintiffs' present unrefreshed recollections, which is the defendant's legitimate interest. It follows that plaintiffs are now entitled

to protect their legitimate interests in examining their post-accident disclosures prior to trial so that they may honestly explain any inaccuracies or errors in their present or past accounts of the accident and damages." Id. at 18.

3. A proposed amendment to Federal Rule 26 seeks to eliminate the good cause requirement insofar as it applies to discovery of a statement given by a party to the lawsuit.

> "Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery * * * only upon a showing of good cause therefor, except that a statement concerning the action or its subject matter previously given by the party seeking the statement may be obtained without such a showing." Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts, Rule 26, at 13 (November 1967).

York Central R.R. Co. v. Carr, 251 F. 2d 433, 435 (4th Cir. 1957).

The plaintiff's motion for discovery is granted.