Edward T. DINGLER

v.

HALCYON LIJN N. V.

Civ. A. No. 69-236.

United States District Court,
E. D. Pennsylvania.

July 16, 1970.

Joseph P. Briglia, Philadelphia, Pa., for plaintiff.

Clayton H. Thomas, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Plaintiff in the above-entitled action has made a motion for the production of certain documents under Rule 34, Fed. R.Civ.P. These are:

a) Statement of witness Ben Brown made July 17, 1968 to W. Summy and L. Barker (agents on behalf of defendant's counsel)

b) Statement of plaintiff made August 7, 1968 to W. Summy at Albert Einstein Medical Center

c) Statement of plaintiff made to L. Barker on August 7, 1968 (location not specified)

It is settled in this Circuit that statements of plaintiff witnesses are entitled to the qualified privilege of the "work-product" doctrine, whether they are taken by an attorney himself or by investigating agents on his behalf. Alltmont v. United States, 177 F.2d 971 (3rd Cir. 1950). The statement of Ben

Brown referred to above is therefore entitled to this protection. Plaintiff claims, however, that the factual circumstances of this case and the relationship of the particular witness here involved to the accident and injury to plaintiff establish sufficient good cause to overcome the qualified privilege. Plaintiff states that Ben Brown, a longshoreman in plaintiff's gang, was originally a third-party defendant in the present action, but that the claims against him were dismissed and eventually discontinued on appeal. He states that the original defendant advised plaintiff in Answers to Interrogatories that Ben Brown, "dropped the wooden spool through the escape hatch opening without first trying to ascertain whether anyone was climbing the ladder" (Answer 54), and that he "dropped this wooden spool into the tween deck and intended to use it as a seat when he got his break" (Answer 64(c) ). Plaintiff points out that at the deposition of Ben Brown, taken on April 20, 1970, however, Brown gave a completely different version of the accident resulting in the injury to plaintiff, stating that the wooden spool came rolling by and slipped out of his hands into the escape hatch opening when he attempted to pick it up.

The Court cannot agree with plaintiff that these facts are sufficient to overcome the work-product privilege and permit plaintiff access to the prior statement of the witness Ben Brown which presumably formed the basis of defendant's Answers to Interrogatories 54 and 64(c). The principles of the *Alltmont* case, *supra*, holding such statements to be within the scope of protected work-product, have been incorporated in new Rule 26(b) (3), which provides in relevant part:

"*Trial Preparation: Materials.* Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." [As amended March 30, 1970, eff. July 1, 1970]

Here, where there has been no showing that the witness cannot be made available for further deposition, the Court does not believe that plaintiff has established that he would be unable to obtain the information he desires and is entitled to without undue hardship by other means. A showing that documents if obtained would impeach credibility of a witness has been held not to establish good cause as previously required under Rule 34, Fed.R.Civ.P., Wharton v. Lybrand, Ross Bros. & Montgomery, 41 F. R.D. 177 (E.D.N.Y.1966), and this Court believes that at least as strong a showing is required by the language of new Rule 26(b) (3) for documents within the scope of protected work-product. Consequently, plaintiff's motion for the production of the statement of the witness Ben Brown is denied.

Plaintiff's motion for the production of his own prior statements taken by agents for the defendant within a few weeks of the accident which caused

his injuries and prior to the time when he had retained counsel to represent him stands on a somewhat different footing, however. With respect to a party's attempt to secure his own prior statements, Rule 26(b) (3), Fed.R.Civ.P., provides:

"A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. * * *" [As amended March 30, 1970, effective July 1, 1970. The "required showing" referred to is that set forth in the portion of the Rule previously quoted.]

The rule thus does not treat a party's own prior statement as protected work-product. See, to the same effect, Butler v. United States, 226 F.Supp. 341 (W. D.Mo.1964). The rationale for treating a party's own statement differently from that of other witnesses is that the discovery rules are aimed at permitting the disclosure of at least all admissible evidence, and a party's own statement constitutes substantive evidence, admissible as an admission. See Straughan v. Barge MVL No. 802, 291 F.Supp. 282 (S.D.Tex.1968); Belback v. Wilson Freight Forwarding Co., 40 F.R.D. 16 (W.D.Pa.1966). Where, as here, defendant has already taken the deposition of plaintiff, there can be no unfairness due to loss of impeachment value in allowing plaintiff to have access to his prior statement. Straughan v. Barge MVL No. 801, *supra*; Belback v. Wilson Freight Forwarding Co., *supra*; McCoy v. General Motors Corp., 33 F.R.D. 354 (W.D.Pa.1963); Parla v. Matson Navigation Co., 28 F.R.D. 348 (S.D.N.Y. 1961). Since Rule 26(b) effectively excludes a party's own statement taken by another party or its attorney or agents from work-product protection, and Rule 34 no longer requires a showing of good cause for the production of documents, plaintiff's request for the production of his own statements must be granted.