## CIRCUIT COURT OF THE CITY OF RICHMOND

Clay E. Moore

    v.

CSX Transportation, Inc.

November 1, 1990

Case No. LR-355-1

**By JUDGE MELVIN R. HUGHES, JR.**

[There was a] hearing on October 24, 1990, when several discovery matters were brought on for determination in this railroad Federal Employers Liability Act (FELA) case. Two issues remain from that hearing: (1) whether plaintiff is entitled to view a surveillance film made of him by defendant which will be used at trial and (2) whether defendant should provide plaintiff with the names of persons injured while using a rail grinder, the type of instrumentality plaintiff claims injured him.

Regarding the surveillance film, defendant resists discovery on the ground of work product found in Rule 4:1(b)(3). Plaintiff argues viewing the film as pretrial discovery would aid in determining objections in advance of trial and could facilitate settlement. I mentioned that plaintiff's suggestion about settlement had the most appeal, although I realize then and now that the question of work product may be a real concern given the conditions the Rule mentions for consideration. Under Rule 4:1(b)(3) documents and tangible things are "work product" if they are "prepared in anticipation of litigation." The Rule further provides that the material is discoverable if the party seeking it shows:

a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Because the parties do not question that the film was made for use at trial to impeach plaintiff and thereby provide a prophylactic effect against any possible perjury, the question is whether plaintiff cannot gather the substantial equivalent by other means. Certainly, no one knows plaintiff's activities and lifestyle better than plaintiff himself. When given the day and time of the surveillance, plaintiff would be caused to remember the occasion and would thereby have available through his own recollection the substantial equivalent of what defendant has captured on film. While remembering the occasion in this way would perhaps give plaintiff the equivalent, the film itself may fill in detail and give plaintiff a source for offering explanation that memory alone may not give. There is no way to film plaintiff's past activities because the same things defendant has recorded can no longer be filmed. I do not believe plaintiff can get a substantial equivalent of the tape without seeing the past recorded activities depicted on the tape itself. *Martin v. The Long Island Railroad Company*, 63 F.R.D. 53 (E.D. N.Y. 1974). It is also important to remember that plaintiff is not requesting to examine memoranda regarding the taping such that mental impressions, conclusions, and theories relating to use of the film would be made available. A more overriding purpose discovery serves in general and exhibiting the film here in particular -- in addition to being a possible facilitator of settlement -- is to remove the element of surprise by letting each side know the evidence. This helps trial preparation and aids in the trial going more smoothly. Accordingly, plaintiff's request to view the film prior to trial is allowed.

Regarding the names of other persons injured while using the rail grinder, plaintiff limited his request to the five-year period before April 14, 1988, the date of the incident complained of here. Defendant stated that except for since January 1, 1987, forward when personal injury reports were computerized, a search for the other

part of the five-year period would be burdensome because any personal injury reports are lodged individually in thousands of the relevant workers' personnel files located in at least fifteen places around the country. Because there are no separate personal injury files, a search for this information to see if any personal injury reports exist would require an examination of each personnel file and would be burdensome, defendant contends. The Court finds that this information is discoverable. It could be important to plaintiff to support his claim that defendant was on notice of the potential harm using the rail grinder poses for railway workers. Given that plaintiff can have access to the part of the five-year period by computer and considering the difficulty to search for the pre-1987 part, the cost for searching for records from April, 1983, to January 1, 1987, should be borne by plaintiff under Rule 4:1(c).