## CIRCUIT COURT OF THE CITY OF RICHMOND

Stanley L. McIntyre, Jr.

v.

CSX Transportation, Inc.

December 13, 1990

Case No. LS 3454-2

By JUDGE ROBERT L. HARRIS, SR.

I have reviewed the submissions of both parties regarding plaintiff's Motion to Compel the defendant to respond to inquiries concerning the existence of surveillance of the plaintiff.

There is merit in the concerns expressed by both parties. Defendant has a legitimate concern that plaintiff may not be truthful at the time of trial regarding his claim of disability and physical limitations. Defendant should be able to impeach plaintiff's testimony by use of a surveillance tape, if one exists. Likewise, plaintiff has reason to have his chosen expert review the tape to assure that there has been no splicing or editing to distort its accuracy. If the tape is to be admitted as impeachment evidence by the defendant, plaintiff should have an opportunity for meaningful investigation of its accuracy.

The most reasonable means of meeting the conflicting needs of the parties is by allowing defendant to take the deposition of plaintiff by writing or by videotape within forty-five days of trial. This will allow defendant to determine more accurately what physical limitations shall be claimed by plaintiff and facilitate settlement.

If defendant wishes to use the surveillance tape at trial, it shall advise plaintiff of the existence of the tape within thirty days of trial. Additionally, defendant shall provide plaintiff with a copy of the tape within

ten days of trial. If defendant does not comply with these requirements, the tape may not be used at trial for any purpose, including impeachment.