# CIRCUIT COURT OF THE CITY OF ROANOKE

Avery Runions

v.

Norfolk and Western
Railway Co.

February 22, 2000

Case No. CL97001086

BY JUDGE CLIFFORD R. WECKSTEIN

This dispute about pretrial discovery arises in a suit for personal injuries brought by Avery Runions against his employer, the Norfolk and Western Railway Company (NW), under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* The defendant, having admitted that it conducted video surveillance of Runions,[1] objects to his requests for disclosure of the contents of the surveillance tapes, films, or photographs.

---

[1] The defendant initially had objected to disclosing whether it had engaged in such surveillance, arguing that a "lawyer's strategic decision to invest a client's resources on photographic or video surveillance is protected work-product." *Ranft v. Lyons,* 471 N.W.2d 254, 261 (Wis. App. 1991). This court declined to entertain a purely academic discussion about whether surveillance evidence is discoverable and required disclosure or whether potentially protected materials even existed. *See United States v. Exxon Corp.,* 87 F.R.D. 624, 638 (D. D.C. 1980); *Butler v. United States,* 226 F. Supp. 341, 343 (W.D. Mo. 1964); *Lauritzen v. Atlantic Greyhound Corp.,* 8 F.R.D. 237, 238 (E.D. Tenn. 1948), *affirmed,* 182 F.2d 540 (6th Cir. 1950). The plaintiff's request for discovery about surveillance, the defendant's objection, and my ruling all took place after July 1, 1999. Effective on that date, Rule 4:1(b)(6) reads: "Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of

Counsel have ably and diligently briefed the issue, furnishing well-reasoned opinions of Virginia circuit judges and of state and federal courts from throughout the United States. The authorities are divided;[2] the Supreme Court of Virginia has not addressed the issue. The most cogent decision, in my view, is *Dodson v. Persell*, 390 So. 2d 704, 19 A.L.R. 1228 (Fla. 1980). The policies expressed by that court, I believe, are those which our Supreme Court would articulate in a similar case.

The Florida Supreme Court granted certiorari in *Dodson* in order to settle a conflict among that state's District Courts of Appeals. Dodson, the plaintiff and petitioner, "contend[ed] that the existence and contents of surveillance films need to be disclosed prior to trial and must be treated like any other evidence in order to avoid misuse of the film." *Id.* 390 So. 2d at 705, 19 A.L.R. 4th at 1231. "In short," the court said, "the petitioner urge[d] that we should side with the weight of authority by holding that surveillance movies must be treated as any other evidence which will be presented at trial." *Id.*, 390 So. 2d at 706, 19 A.L.R. 4th at 1231-32. "The respondents on the other hand contend[ed] that surveillance films and materials are protected by the work product privilege and consequently are not subject to discovery. The respondents assert[ed] that if a plaintiff is informed of the existence of surveillance materials and views the contents before trial, he will tailor his testimony to reconcile any possible inconsistencies." *Id.*

The Florida Supreme Court decided for the plaintiff. Justice Overton's opinion provides this summary of the court's decision:

(1) the existence of surveillance movies and photographs is discoverable in every instance; (2) the contents are discoverable if the materials will be used as evidence either substantively or for impeachment; (3) if the movies or photographs will not be used as evidence by the holder, the contents are discoverable only upon a showing of exceptional circumstances; (4) the party seeking discovery must be afforded a reasonable opportunity to observe the movies or photographs before their presentation as evidence; and (5) within the trial court's discretion, the surveilling party has the right to depose the

---

the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

[2] A succinct summary of the different views can be found in 23 Am. Jur. 2d, *Depositions and Discovery*, § 46, at 382-83. See also Anno, "Photographs of civil litigant realized by opponent's surveillance as subject to pretrial discovery," 19 A.L.R. 4th 1236 (1980).

party or witness filmed before being required to produce the contents of the surveillance information for inspection.

*Id.*, 390 So. 2d at 705, 19 A.L.R. 4th at 1230.

Discovery, the Florida court explained, "is a tool intended (1) to identify at early stages of a proceeding the real issues to be resolved; (2) to provide each party with all available sources of proof as early as possible to facilitate trial preparation; and (3) to abolish the tactical element of surprise in our adversary trial process." *Id.* Quoting from an earlier opinion, the court explained that the primary purpose of discovery rules:

> is to prevent the use of surprise, trickery, bluff, and legal gymnastics. Revelation through discovery procedures of the strengths and weaknesses of each side before trial encourages settlement of cases and avoids costly litigation. Each side can make an intelligent evaluation of the entire case and may better anticipate the ultimate results.

*Id.*, 390 So. 2d at 707, 19 A.L.R. 4th at 1232, quoting *Surf Drugs, Inc. v. Vermette*, 236 So. 2d 108, 111 (1970).

I agree with the Florida Supreme Court that "[a] search for truth and justice can only be accomplished when all relevant facts are before the judicial tribunal. Those relevant facts should be the determining factor rather than gamesmanship, surprise, or superior trial tactics. We caution that discovery was never intended to be used and should not be allowed as a tactic to harass, intimidate, or cause litigation delay and excessive costs." *Id.*, 390 So. 2d at 707, 19 A.L.R. 4th at 1233. Borrowing language used in summary judgment cases, a purpose of discovery "is to expedite litigation with as few technicalities as possible and thus avoid common law procedural tactics interposed for delay." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588 (1954).

In the "modern view," pretrial discovery exists "to prepare the parties for trial and to encourage out-of-court settlements of cases in which there is no substantial or irreconcilable dispute between the parties. A party can find out the existence of witnesses and the substance of their testimony." W. Hamilton Bryson, *Bryson on Virginia Civil Procedure* (3d ed. 1997), at 327-28.

NW argues, citing cases in support of its position, that surveillance evidence is intended, in part, to expose plaintiffs who lie about the nature and extent of injuries or disabilities. Certainly, this can be so. However, as Professor Bryson notes, "[d]iscovery procedures can be used to prove the

perceptions and correct any misconceptions of one's own client as well as to obtain information in the possession of an opposite party. These opportunities for the adequate and effective preparation of a case are designed to prevent surprises at trial." "Furthermore," he continues, "discovery under Part Four of the Rules of Court can lead to a better understanding of the other party's evidence and legal positions. This should lead to a focusing of the issues, the elimination from the trial of issues and facts not in dispute, and perhaps an out of court settlement of the case." *Id.*

Assuming, *arguendo*, that a party might wish to dissemble but that the contents and existence of surveillance evidence persuades him or her that it would be imprudent to do so, can it not be said that truth, justice, and our system of civil adjudication are better served than they would have been if the party had lied and the lie had been exposed in open court.

The plaintiff in *Dodson*, citing opinions of a Pennsylvania federal court and the New Jersey Supreme Court, contended that discovery was important because of the possibility that the camera might be "an instrument of deception." Disclosure only at trial would, the plaintiff argued, leave him powerless to effectively challenge or rebut the surveillance evidence. *Dodson, supra*, 390 So. 2d at 705, 19 A.L.R. 4th at 1231. Similarly, in *Davis v. Commonwealth*, 25 Va. App. 588, 491 S.E.2d 288 (1997), the Court of Appeals of Virginia, a court of superior jurisdiction to this court, held a trial judge committed material error by failing to give a party the opportunity to learn, in pretrial discovery, the location from which observations were made, thus hampering the party's ability to attack that evidence at trial.

The court will therefore order that (1) the contents of surveillance movies, tape, and photographs must be disclosed if the materials will be used as evidence either substantively or for impeachment; and (2) the plaintiff and his attorneys must be afforded a reasonable opportunity, consistent with the needs expressed by the Court in *Dodson*, to observe these movies or photographs before their presentation as evidence. Within its discretion, however, the court will further order that the defendant has the right to depose the plaintiff before producing the contents of the surveillance information for inspection. Counsel will forthwith arrange for the plaintiff's deposition to be taken. As soon as Mr. Runions has signed the deposition transcript, or, if he waives signature, as soon as his deposition is concluded, NW's lawyers will produce the surveillance materials.

I conclude with this thought, expressed by Judge William W. Schwarzer in an article prepared for *Litigation*, the magazine published by the section of Litigation of the American Bar Association:

The most pervasive discovery mistake lawyers make is to forget the purpose of discovery. The framers of the ... rules intended that discovery would give each party rapid and low-cost access to the truth. The hope was that, as a result, cases would be settled or tried speedily and inexpensively. It is time for lawyers to remind themselves of what discovery is supposed to be about.

William W. Schwarzer, "Mistakes Lawyers Make in Discovery," *The Litigation Manual: Pretrial* (3d ed.), Section on Litigation, American Bar Association, 1999, at 137.