# CIRCUIT COURT OF THE CITY OF NORFOLK

Timothy C. Fender

v.

Norfolk Southern Ry. Co.

June 27, 2001

Case No. (Law) L00-2840

BY JUDGE MARC JACOBSON

Plaintiff Timothy C. Fender, by counsel, seeks production and/or identification of surveillance materials, presumably videotapes, relating to the Plaintiff's activities. Defendant Norfolk Southern Railway Company, by counsel, objects to the production of such surveillance materials.

Rule 4:1(b)(3) of the Rules of Virginia Supreme Court reads as follows:

*Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

This Rule, of course, is applicable to the instant issue before this Court.

Quite often the objection to producing or identifying "surveillance evidence" is that such evidence is prepared in "anticipation of litigation" or is "attorney work product" and thus not subject to discovery. Further, litigants argue that it would not be an "undue hardship" on the surveilled party to obtain the same information or evidence. The thrust of Defendant's Memorandum in Opposition to Plaintiff's Motion for Disclosure of Surveillance Videos or in the Alternative, Motion in Limine (Defendant's Memorandum) is that, in effect, a party (in this case, the Plaintiff ) should know his conduct and activities and, therefore, would not be surprised by the contents of a surveillance video. "Therefore, the plaintiff cannot demonstrate that he has any substantial need for this type of attorney work product." Defendant's Memorandum, p. 7. In effect, Defendant argues that when a surveillance video is used to impeach a plaintiff's testimony, the surveillance video is the equivalent of a plaintiff giving or making a "prior inconsistent statement." Defendant's Memorandum, pp. 7-8.

Initially, if no such surveillance videotapes exist, the issue is obviously moot. Additionally, even if such surveillance videotapes exist, if counsel for Defendant represents that such videotapes would not be used by Defendant either in its case in chief or by way of rebuttal, then there is not a "substantial need" for the videotapes.

To the knowledge of this Court, Virginia appellate courts have not spoken to nor addressed the issue of the identification and production of surveillance videotapes. There is conflict on this issue among various circuit courts in the Commonwealth and, indeed, between and among judges within the same circuit.

The Court is cognizant of the Defendant's contention that Plaintiff knows or should know exactly what he has or has not done and that he should not be able to "tailor his testimony to avoid the truth." Defendant's Memorandum, p. 4. Also, it is apparent that discovery of a surveillance video or tape might "embarrass a deceitful plaintiff." Defendant's Memorandum, p. 7. This Court is also cognizant of the fact that a videotape might be subject to interpretation depending, perhaps, upon angles, distances, lighting conditions, or any other number of factors, thus denying a party "the substantial equivalent of the materials by other means" as contemplated by the Rule.

The concept of the discovery rules included in the Rules of Virginia Supreme Court is to encourage the reduction or elimination of surprises during the trial of the case and, hopefully, the fairness of the judicial process, thus expediting trials and even leading to possible settlement of cases or issues within cases.

This Court rules that if there are surveillance videotapes of Defendant which will be used at any time during the trial of the instant case, that Defendant's counsel shall notify Plaintiff's counsel at least twenty days before the trial date of the existence of such videotapes and true copies of same shall be provided to counsel for Plaintiff by counsel for Defendant at least fifteen days prior to trial. If the time schedules set forth in the preceding sentence are not complied with, surveillance videotapes may not be utilized by Defendant at trial.

In any event, before Defendant is required to provide the surveillance videotapes as required in the preceding paragraph, the deposition of the Plaintiff and responses to all interrogatories and other discovery materials as contemplated by the existing Scheduling Order will have been provided by Plaintiff to Defendant.