# CIRCUIT COURT OF CHESTERFIELD COUNTY

Jane Fare

v.

John Doe

September 13, 2004

Case No. CL04-442

By Judge Cleo E. Powell

On July 26, 2004, that parties appeared by counsel and argued Plaintiff's Motion to Compel Immediate Disclosure of Surveillance Documents and Tape. The Court took this matter under advisement. After reviewing the argument, memoranda, and case law filed, as well as all relevant case and statutory law, the Court rules as follows.

Plaintiff seeks to compel Defendant to produce a surveillance video relied on by Dr. Roger Giordano in performing an Independent Medical Examination of Plaintiff. The Court has not been apprised of the contents of the video except that according to Dr. Giordano's report, the video depicts Plaintiff "grocery shopping, meal shopping, mall shopping, taking her children to and from school, bringing appropriate items for them from the home to the school, remembering book bags, remembering lunches, etc." The video also purportedly depicts Plaintiff in her attorney's office. The accident alleged to have caused Plaintiff's injuries occurred on June 15, 2001. The surveillance video was taken sometime prior to February 24, 2003, the date of Dr. Giordano's report; therefore, Plaintiff's acts were recorded at least one and a half years and possibly over three years ago.

Upon consideration of case law in Virginia and other jurisdictions, this Court adopts the reasoning of the majority of Virginia circuit courts that surveillance videos are not protected by the work-product doctrine and are discoverable. *Fender v. Norfolk Southern Ry.*, 55 Va. Cir. 344 (City of

Norfolk 2001); *Runions v. Norfolk & Western Ry.*, 51 Va. Cir. 341 (City of Roanoke 2000); *Lee v. Richmond, Fredericksburg & Potomac RR.*, 23 Va. Cir. 357 (City of Richmond 1991); *McIntyre v. CSX Transp., Inc.*, 22 Va. Cir. 302 (City of Richmond 1990); *Moore v. CSX Transp., Inc.*, 22 Va. Cir. 97 (City of Richmond 1990). Although Plaintiff has been made aware of categories of activities that Plaintiff performs in Defendant's video, the Court finds that Defendant's video is unique and depicts Plaintiff doing something at a time in the past that will never reoccur. Even if Plaintiff were to be videotaped conducting the same activities, it would not be the substantial equivalent. The Court also finds that the purposes of the Rules of the Virginia Supreme Court for discovery to prevent surprise and promote an orderly and expeditious trial will be advanced by disclosure of the video by Defendant to Plaintiff in advance of trial.

Virginia circuit courts vary on when video surveillance should be disclosed; however, the courts have consistently held that, if a defendant intends to use a video at trial, that the defendant will have the right to depose the plaintiff prior to disclosure of the video. *See Fender v. Norfolk Southern Ry.*, 55 Va. Cir. 344, 346 (City of Norfolk 2001); *Runions v. Norfolk & Western Ry.*, 51 Va. Cir. 341, 344 (City of Roanoke 2000); *McIntyre v. CSX Transp., Inc.*, 22 Va. Cir. 302, 302-03 (City of Richmond 1990). The facts of this case are distinguishable from the opinions cited above in that this video may not only be introduced at trial, but was relied on by Defendant's expert in the Independent Medical Examination. Not only must the Court consider that, if the video were not disclosed until trial, the Plaintiff would be prejudiced by not being adequately prepared at trial, but also, Plaintiff would be prejudiced by not being afforded the opportunity to show the video to Plaintiff's experts in advance of trial so that Plaintiff's experts may use the video in forming their opinions. The Court must find a balance between Plaintiff's interests and Defendant's interest in not disclosing the video until after Plaintiff has been deposed. The parties have agreed to continue the trial for this matter that was previously scheduled on November 10, 2004. The Court orders that Defendant has the right to depose Plaintiff prior to disclosure of the surveillance video but requires that Defendant promptly produce the video to Plaintiff after Plaintiff's deposition and in no case later than ninety days prior to trial.