# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Michael S. Popina

v.

Yvette Rice-Steward

April 5, 2013

Case No. CL12-3545

By Judge Leslie L. Lilley

This matter comes before the court on Plaintiff's motion to compel the discovery of certain interrogatories and the production of items and materials. Plaintiff seeks discovery of statements made by the Defendant to Defendant's insurance adjuster the day after an automobile accident involving the parties to this litigation, as well as copies of video surveillance alleged to have been taken of the Plaintiff. In Defendant's Brief in Response, she alleges that the discovery items cited for production were gathered in anticipation of litigation and, therefore, are protected by the work-product doctrine embodied in Rule 4:1(b)(3).

The first issue for consideration is the discovery of the Defendant's statement to her insurance company. The accident leading to this litigation occurred on July 4, 2010. The next day, an agent of the Defendant's insurance company recorded a statement from the Defendant. Defendant's attorney first became involved on July 7, 2010. Def's Mem. in Opp. to Pl.'s Motion Comp., at 2.

The applicable law is embodied in Rule 4:1 and more specifically in subdivisions (b)(1) and (b)(3) as well as the work-product doctrine. "Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation." *Stanley Works v. New Britain Redevelopment Agency*, 155 Conn. 86, 230 A.2d 9, 14 (1967). Generally, material such as "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs," which are "prepared by an adversary's counsel with an eye toward litigation" may be free from discovery. *Commonwealth v. Edwards*, 235 Va. 499, 510, 370 S.E.2d 296, 302 (1988); "[A] lawyer's work product

consists of the information he has assembled and the mental impressions, the legal theories, and strategies that he has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means." *State, ex rel. Dudek v. Circuit Court for Milwaukee County*, 34 Wis. 2d 559, 150 N.W.2d 387, 404 (1967). Rule 4:1(b)(1) provides for the discovery of any relevant matter which is not privileged.

The work-product doctrine provides a common-law privilege for an attorney's work product; and, therefore this material is not discoverable under Rule 4:1(b)(1). *Bryson on Virginia Civil Procedure*, § 9.4 (2012). However, Rule 4:1(b)(3) provides an exception to the protections of Rule 4:1(b)(1) for privileged materials. It permits the "discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) and prepared in anticipation of litigation" upon a showing of substantial need and undue hardship. Va. Sup. Ct. R. 4:1(b)(3) (2013); *Bryson on Virginia Civil Procedure*, § 9.4.

Rule 4:1(b)(3) includes an exception for a party to obtain his or her own statement without a showing of substantial need or hardship, but, in this case, the request is by the Plaintiff for the Defendant's statement, and, therefore, the exception is not applicable. Simply stated, if the Defendant's statement to her insurance adjuster is not protected by the attorney client privilege or the privilege of the work-product doctrine, then it is discoverable under Rule 4:1(b)(1). In the present case, the Defendant's statement was taken by an insurance adjuster for the Defendant's insurance company prior to the engagement of counsel. If the statement had been taken by her attorney or by an agent of her attorney, the statement would be protected by the principle of attorney-client privilege and would not be subject to discovery under Rule 4:1(b)(1) or the exception of Rule 4:1(b)(3). Va. R. of Prof'l Conduct 1.6 (2013); Va. R. of Evidence 2:502 (2013). If the statement is the attorney's work product, it is not discoverable under subdivision (b)(1), but may be discoverable under (b)(3) if the requirements of substantial need and undue hardship are met.

The statement at issue was taken by the agent of the Defendant's insurance company prior to the employment of counsel. No additional facts supporting the allegations of work product were presented. Defendant's counsel argues that the Defendant's statement is not discoverable under Rule 4:1(b)(3) because it was taken in anticipation of litigation. Without establishing that the statement is the work product of counsel, the argument that the statement was taken in anticipation of litigation is irrelevant. Rule 4:1(b)(3) is not engaged without the finding that the material collected is encompassed within the work product of an attorney.

Here, as in many cases, parties seeking protection of statements taken by insurance adjusters prior to retention of counsel fail to read 4:1(b)(1) and 4:1(b)(3) together. Instead, those parties isolate 4:1(b)(3) and interpret that

sub-section as an expansion of the work-product doctrine by overlooking the essential requirement that the material must be the attorney's work product. See, e.g., *Wilson v. The Superior Ct. of Los Angeles Co.*, 226 Cal. App. 2d 715, 38 Cal. Rptr. 255 (1964) (stating that whatever definition of attorney work product is used, it still must be the attorney's work, or that of his agents and employees); *The Stanley Works v. New Britain Redevelopment Agency*, 230 A.2d 9 (finding appraisal reports were not work product where nothing in the record demonstrated that they were made by the attorney); *Jacques v. Cassidy*, 28 Conn. Supp. 212, 257 A.2d 29, 37 (Conn. Super. 1969) (holding that the lack of counsel involvement barred the application of the work-product doctrine to a statement by defendant automobile operator). The result is an argument that expands the parameters of the work-product doctrine and tinkers with the balance of our legal system which is intended to promote vigorous representation, including careful investigation, while maintaining the candid and fair administration of justice through discovery. *State, ex rel. Dudek v. Circuit Ct. for Milwaukee Cnty.*, 34 Wis. 2d 559, 150 N.W.2d 387, 397 (1967). Any effort to expand the work-product doctrine to include the work of the insurance adjuster prior to retention of counsel requires a deliberative and participative process either by the General Assembly or amendment of the Rules of Court by the Virginia Supreme Court to assure a careful balance between advocacy and truthfulness. In the absence of a deliberate expansion of the work product doctrine, this court finds that the routine taking of statements by an auto insurance adjuster is work in the ordinary course of business which fails to qualify as work product. See *Prince v. Ponderosa Steakhouse, Inc.*, 40 Va. Cir. 466, 470 (Albemarle County 1996), citing *State Farm Fire & Cas. Co. v. Perrigan*, 102 F.R.D. 235, 237 (W.D. Va. 1984) (ordering insurance company to produce documents which were prepared prior to receipt of representation letter from opposing party's attorney).

For the reasons stated, the motion of the Plaintiff to compel discovery of the statement of the Defendant is granted.

The second issue before the court is the Defendant's effort to protect the surveillance video of the Plaintiff from discovery. However, the court notes that neither Plaintiff nor Defendant cited the facts related to the purported surveillance video or the precise nature of the information sought either in pleadings or at the *ore tenus* argument. The majority of Virginia Courts have concluded that such videos are not protected by the work-product doctrine and are discoverable. *Fare v. Doe*, 66 Va. Cir. 61, 61 (Chesterfield County 2004), citing *Runions v. Norfolk & Western Ry.*, 51 Va. Cir. 341 (City of Roanoke 2000). However, the court declines to rule on this issue as insufficient facts have been presented and any opinion would be advisory absent particular facts.